**COON v. J. M. SAMPIER & SON. (No. 7802.)\***

Court of Civil Appeals of Texas. San Antonio. June 1, 1927.

1. **Appeal and error** ⟨⟩783(2)—**Reviewing court held without jurisdiction of appeal from county court's order overruling at subsequent term timely motion for new trial, though delay was due to judge's illness.**

Court of Civil Appeals *held* without jurisdiction to determine on merits appeal from order of county court overruling, at a term subsequent to the term of trial and filing of the motion, a timely motion for new trial, notwithstanding the sole reason the motion was not heard was the illness of the trial judge.

2. **Appeal and error** ⟨⟩792—**Reviewing court may of own motion notice delay beyond term of action on motion for new trial.**

The Court of Civil Appeals may notice the defect in the record that motion for new trial in the county court was not acted on until a subsequent term, affecting its jurisdiction, though not called to the court's attention.

Error from Uvalde County Court; Green B. Fenley, Judge.

Action by J. W. Coon, guardian of the estate of Elmo Coon, against J. M. Sampier & Son. Judgment for defendants, and plaintiff brings error. Appeal dismissed.

Atlas Jones, of Uvalde, for plaintiff in error.

D. H. Jones, of Uvalde, for defendants in error.

COBBS, J. J. W. Coon, guardian of the estate of Elmo Coon, plaintiff, sued J. M. Sampier and J. H. Sampier as partners, under the firm name of J. M. Sampier & Son, defendants, to recover of defendants the title and the possession of a second-hand Buick automobile, or, in the alternative, if such recovery should not be had, then to recover of defendants the sum of $228.85 paid by said Elmo Coon, a minor, to defendants for said automobile on October 29, 1923, together with interest at the rate of 6 per cent. per annum on said $228.85 from the date defendants took said automobile from said Elmo Coon, which was September 5, 1925, and for the establishment and foreclosure of a lien upon said automobile for the amount of such recovery.

The case was tried at the August, 1926, term of the court before a jury, and in answer to special issues the jury found (1) that Dona Coon a short time prior to September 1, 1923, purchased the automobile in controversy from Fred McKenzie, (2) that Dona Coon, on or about October 29, 1923, was the owner of the automobile in controversy, (3) that Dona Coon did not, on or about October 29, 1923, sell the automobile in controversy to Elmo Coon, and (4) that Dona Coon was the owner of the automobile in controversy on September 5, 1925.

The court rendered judgment that the title and ownership of said automobile was in Dona Coon, and that he was entitled to the possession of the same, and that all right, title, and interest in and to said automobile was divested out of plaintiff, but that plaintiff should have the right to pay defendants $20, with 10 per cent. interest from September 3, 1923, together with $36.40, at which time they would be subrogated to all the rights of J. M. Sampier & Son and be entitled to possession of said automobile. The judgment further ordered that plaintiff take nothing by his suit and that all costs be paid by plaintiff.

In due time plaintiff filed his motion for new trial, but same was not acted upon by the court at the August term for the sole and only reason that the judge of the court was confined to his bed from sickness and could not hear said motion and did not return to the courthouse until after the term of the court had expired by law. At the November, 1926, term of the court plaintiff's motion for a new trial came on to be heard by the court, but the court overruled said motion for the reason that it did not think the court could grant a motion for a new trial at the November term of the court.

On motion of plaintiff the court entered an order on January 26, 1927, giving plaintiff until February 10, 1927, to file statement of facts and bills of exceptions. The statement of facts was filed on February 7, 1927.

[1, 2] The motion for a new trial was filed on August 27, 1926, and the court was permitted to adjourn without any action of the court thereon. This cause was tried in the county court of Uvalde county, state of Texas, commencing on the 25th day of August, 1926, and continuing on the days of August 25, 26, and 27th. Judgment was entered in said court on the 27th of August, 1926, and it will be noted that said motion for new trial and supplemental motions were not acted on until the 3d and 4th day of December, 1926, at the November term, A. D. 1926, of the county court of Uvalde county Tex. It will therefore be readily apparent that said motions for new trial and supplemental motions were not acted on at the term of court at which a trial of said cause was had, as is required by law, and the court has the right to notice such defects in the record even though not called to our attention.

The order of the trial court on the question was:

"Upon the foregoing findings of fact the court concludes as a matter of law and so finds that plaintiff's motion for new trial, filed herein August 27, 1926, was overruled by operation of law at the expiration of the said August term of this court on September 4, 1926; that said motion of defendants is well taken and should be sustained; that the court has not at this term of this court authority to grant either one of

plaintiff's motions for a new trial herein, and that each and all of the same should be denied and overruled."

Defendant also moved to strike out the statement of facts which was filed in the trial court on February 7, 1927, and in this court on April 4, 1927, and the bills of exception too, because they were not filed herein until within 80 days after adjournment of the court and not filed until more than 150 days after adjournment of the August term of court, 1926, which term adjourned September 4, 1926. Article 2246, R. S.

From the foregoing it will be seen that this court is without jurisdiction to determine said cause on its merits, and the appeal is therefore ordered dismissed.

Rehearing Denied June 22, 1927.

